IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS,

Plaintiffs,

v.

PARK-MARK, INC., and
RICHARD TOMAN, individually,

Defendants.                                            No. 12-287-DRH

ORDER

**HERNDON, Chief Judge:**

This suit brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1145 ("ERISA"), by plaintiffs Central Laborers' Pension, Welfare & Annuity Funds against defendants Park-Mark, Inc. and Richard Toman, individually, was brought to recover benefits allegedly owed to plaintiffs under various agreements between the parties. Before the Court is defendant Richard A. Toman's motion to dismiss count II of plaintiff's complaint (Doc. 8) for failure to state a claim because Toman is not an "employer" within the meaning of ERISA. For the reasons that follow, the motion is denied.

I. Background

On April 5, 2012, plaintiffs filed a two count complaint against defendants. Count I is against Park Mark, Inc. and count II is against Richard Toman, individually, alleging violation of ERISA (Doc. 2). In count II, plaintiffs allege that

Toman "is an individual conducting business in the State of Illinois, a signatory to an agreement with plaintiffs, and is an employer as defined under ERISA." (Doc. 2, p. 15).

## II. Analysis

Although Toman does not state in his motion under what rule he is proceeding under, the Court surmises from the memorandum in support that he is proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. When ruling on a motion to dismiss for failure to state a claim, a court must look to the complaint to determine whether it satisfies the threshold pleading requirements under Federal Rules of Civil Procedure 8. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that to survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. 1955, 1974 (2007). The Supreme Court explained "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 1964-65 (quoting *Papasan v. Allain*, 106 S. Ct. 2932 (1986)). The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles": "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v.*

*Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 127 S. Ct. at 1964). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *Concentra Health Servs., Inc.,* 496 F.3d at 776 (quoting *Twombly*, 127 S. Ct. at 1965, 1973 n. 14).

ERISA imposes a federal obligation on employers who contractually agree to contribute to employee pension plans. 29 U.S.C. § 1145; see *Sullivan v. Cox,* 78 F.3d 322, 325 (7th Cir.1996). Generally, an individual will not be held liable for the corporation's obligations under ERISA unless the corporation is acting for and an alter ego of the individual, or there exist facts that warrant piercing the corporate veil. *Plumbers' Pension Fund v. Niedrich,* 891 F.2d 1297, 1299 (7th Cir. 1989). The Seventh Circuit has found that an individual may be personally liable where individuals contractually accept responsibility for corporate liability, thus becoming "employers obligated to make contributions" to employee pension plans under Section 1145. *Sullivan*, 78 F.3d at 325.

Here, plaintiffs have alleged in their complaint that Toman was an employer under ERISA, that an authorized representative of Toman executed a Memorandum of Agreement dated June 26, 2000, and July 11, 2000, binding defendant to pay contributions to plaintiffs for employees of defendant, and that Toman personally executed a Memorandum of Agreement dated May 8, 2008, binding defendant to pay contributions to plaintiffs for employees of defendant. Plaintiffs' complaint gives defendant Toman fair notice of their claim and the

grounds upon which it rests. In addition, plaintiffs' complaint plausibly suggests that plaintiffs have a right to relief, thereby satisfying the threshold pleading requirements under Federal Rule of Civil Procedure 8. Furthermore, the Court notes that there are many instances in which the evidence develops such that a corporate officer turns out to be personally liable for a number of reasons, and taking plaintiffs' allegations as true as the Court must, plaintiffs have made sufficient pleadings to survive defendant Toman's motion to dismiss.

### III. Conclusion

Accordingly, the Court denies defendant Toman's motion to dismiss count II of plaintiffs' complaint.

**IT IS SO ORDERED.**

Signed this 2nd day of October 2012.

Digitally signed by
David R. Herndon
Date: 2012.10.02
17:00:49 -05'00'

**Chief Judge**
**United States District Court**